Judge Logan
delivered the opinion of the court.
This is a suit for land upon the following entry:
“May 23, 1780—John Meaux enters 800 acres upon a "treasury warrant, on the east side of Dick’s river below “the mouth of Gilbert’s creek, beginning at M’Donald’s "line, running down Dick’s river 1 ½ miles to Fenton’s "land, thence eastwardly for quantity between the said "lines.”
M’Donald and Fenton had each obtained certificates for settlement and pre-emptions, lying on Dick’s river. Fenton’s claim calls to lie on the river three miles below the mouth of Hawkins’ branch, by having raised corn in 1777, and cleared land at the same place. This improvement was not notorious; the corn was not raised on it, and no proof is adduced in relation to the notoriety of Hawkins’ branch. In short, it is not attempted to support Fenton’s claim in this contest. How far it might be necessary, from the call for his land to run down the river, is uncertain. The distance given is but a mean of ascertaining the object called for, and whatever aid might be given by the force of the call for distance, did it appear that the other call could not probably have deceived; yet as the land of Fenton might have required the extension of the distance, and given a different figure to the claim of Meaux, its exhibition cannot be dispensed with without shewing that its absence could not be prejudicial to the defendant. For the omission, therefore, to shew the position of Fenton’s land, *408 the entry of Meaux cannot, consistently with former adjudications, be sustained.
An entry calling to adjoin the settlement of another (who resided thereon at the date of the appendent entry, but not at the place for improving which the claim was granted) will attach to the place resided on.
It is therefore decreed and ordered, that the decree aforesaid be affirmed, which is ordered to be certified to said circuit court.
On the rendition of this Haggin, for the appellant, petitioned for and procured a re-hearing. The cause was reargued, and on the 21st April, 1820, the Chief Justice delivered the following opinion:
We are still of opinion that, to support the appellant’s entry, it was necessary to have established Fenton’s claim, and that this has not been done. Fenton’s certificate cannot be admitted to be void on its face for want of an object of location, as was contended in argument. The place where he had cleared is plainly the land intended to have been located by the certificate; and if that had been established, both with respect to its identity and notoriety, his claim must have been deemed valid. But the place is not ascertained with exact precision, and it certainly possessed nothing like notoriety. It is not proven to have been in a situation to attract attention, or to have had any peculiar marks of distinction, and it is not shewn to have been known to any one conversant in the neighborhood but Fenton himself. Nor can the description given in the certificate, of its being three miles below the mouth of Hawkins' branch, supply the defect of notoriety; for instead of three miles below the mouth of Hawkins’ branch, the place now claimed as Fenton’s improvement, is within less than half that distance: and, besides, Hawkins’ branch is not proven to have been notorious, and it is impossible, in the nature of things, that one obscure object could be found by means of another equally obscure.
Fenton is indeed proven to have settled, after the date of his certificate, within four hundred yards of his improvement; and though this is admitted not to give validity to his claim, it is contended that it rendered his claim a good object of location for the appellant’s entry which was subsequently made. But this argument is, we think, entitled to but little weight, under the circumstances of this case. The place of Fenton’s settlement might thereafter be presumed to have been notorious, although there is no express proof of the fact, but the presumption of notoriety could not attach to the place of his original improvement; for *409 there appears to have been no connexion between the two places. If therefore, the appellant’s claim could be supported upon the principle of part notoriety in Fenton’s claim, it must be upon the supposition that he intended to adjoin Fenton’s claim, making the place of his subsequent settlement the basis of the claim. But the place of Fenton’s subsequent settlement, is not delineated on the plat, nor is shewn by any testimony, in the cause.
Such appendant entry cannot be sustained unless the spot actually settled on be delineated, or unless the improvem’nt for which the claim was granted was notorious.
Haggin for appellant, Hardin for appellee.
The entry of the appellant is therefore unsupported, and the former decree of this court, must stand unaltered and affirmed.